UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FRANKIE ROEMAN GNANN, JR.,

    Plaintiff,

v.                                                    Case No. 5:20-cv-00317-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

    This is an appeal of the administrative denial of supplemental security income (SSI).[1] *See* 42 U.S.C. § 405(g).  Plaintiff argues the administrative law judge (ALJ) did not properly weigh the opinion of consultative examiner Donald Tindall, M.D.  After considering the parties' arguments and the administrative record (docs.22, 26, 27), I find the Commissioner's decision is supported by substantial evidence.  I affirm.

    A.  Background

    Plaintiff Frankie Gnann, Jr. was born on August 29, 1969, and was 49 years old when the ALJ issued his decision that Plaintiff is not disabled. (R. 24)  Plaintiff alleges a disability onset date of May 31, 2016, after an ATV accident.  He testified: "I was drinking and riding [an] ATV and I come around the corner and hit an embankment and that's all I remember until waking up like a week later." (R. 40)  Plaintiff spent 12 days in the hospital.  He broke nine ribs on his left side, punctured his lung, and broke his collarbone. (R. 41)  His left side did not heal after the accident. (R. 43-45) He struggles to keep his balance due to left side

---

[1] The parties have consented to my jurisdiction.  *See* 28 U.S.C. § 636(c).

weakness. He also injured his back at his daughter's birthday party when he drank too much, jumped off a trampoline into a swimming pool, and hit his head. (R. 57) And he testified he hit his head after flipping a golf cart he was driving while drunk. (R. 58) Plaintiff walked with a cane at the hearing (R. 42) and wears a left knee brace. (R. 48) He has diabetes, hypertension, and high cholesterol.

Plaintiff graduated high school and has past work experience erecting fences. (R. 24) He is married with an adult daughter. He testified his wife helps him get dressed and tie his shoes, and she grocery shops, pays the bills, administers his medication, and does the household chores. He is fearful to be away from her. When his wife goes to the store, he gets so scared he "talk[s] to her on the phone while she's doing the grocery shopping." (R. 52) She was not in the administrative hearing room with Plaintiff, and he testified it made him shake with fear that she was out of sight.

After two administrative hearings,[2] the ALJ found Plaintiff suffers from the severe impairments of chronic regional pain syndrome (CRPS), diabetes, and obesity. (R.14) Aided by the testimony of a VE, the ALJ determined Plaintiff is not disabled, despite these impairments, as he retains the RFC perform light work with limitations: "the claimant is limited to never climbing of ladders, ropes, or scaffolds, and occasional climbing of ramps or stairs, stooping, kneeling, crouching, crawling, or engaging in activities requiring balance. Additionally, he is limited to only occasional overhead reaching with the left upper extremity

---

[2] The ALJ held hearings on November 9, 2018, and May 16, 2019. (R. 33-66, 67-78) Plaintiff's attorney appeared at the first hearing with 4,000 pages of medical records Plaintiff had just received that had not been uploaded into the administrative record. The ALJ postponed the hearing to allow the agency time to review the new records. (R. 76)

2

and frequent handling of objects with the left upper extremity." (R. 18)  After consulting the VE, the ALJ found that, with this RFC, Plaintiff could not perform his past work as a fence erector, which he performed at the very heavy exertional level, but could work as a cafeteria attendant, mail clerk, or cashier II. (R. 25)  Plaintiff appealed the ALJ's decision to the Appeals Council, which denied review. (R. 1-3)  His administrative remedies exhausted, Plaintiff sued.

    *A. Standard of Review*

To be entitled to SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 1382c(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a)(4).  Under this process, the Commissioner must determine, in sequence: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the

3

medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

 B. Discussion

  1. *ALJ's consideration of Dr. Tindall's opinion*

Consultative examiner Dr. Tindall opined in October 2016 it is medically necessary for Plaintiff to use a cane. Plaintiff argues the ALJ improperly assigned little weight to this

opinion and overlooked probative evidence from nurse practitioner Nancy Hartkop, A.R.N.P., who recommended in 2017 that Plaintiff use a left knee brace and a rolling walker (doc. 26 at 11-13). The Commissioner counters that substantial evidence supports the ALJ's decision, because Plaintiff passed functional range of motion tests and "his provider noted he moved without difficulty." (doc. 27 at 8). The ALJ's consideration of Dr. Tindall's opinion is supported by substantial evidence.

The method for weighing medical opinions under the Social Security Act is found in the regulations at 20 C.F.R. § 416.927(c).[3]  Relevant here, the opinions of examining physicians are generally given more weight than non-examining physicians, treating more than non-treating physicians, and specialists more than non-specialist physicians. 20 C.F.R. § 416.927(c)(1-5).  A court must give a treating physician's opinions substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  Good cause for disregarding such opinions "exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citation omitted).

This rule – the "treating physician rule" – reflects the regulations, which recognize that treating physicians "are likely to be the medical professionals most likely to provide a detailed, longitudinal picture of . . . medical impairment." 20 C.F.R. § 416.927(c)(2).  With good

---

[3] This section was rescinded on March 27, 2017, but still applies to claims filed before this date.  Plaintiff filed his claim in July 2016.

cause, an ALJ may disregard a treating physician's opinion but "must clearly articulate the reasons for doing so." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (*quoting Phillips v. Barnhart*, 357 at 1240 n.8). The ALJ must state the weight given to different medical opinions (those of treating and non-treating physicians) and why. *Id*. Otherwise, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Dr. Tindall examined Plaintiff once, on October 20, 2016, five months after his ATV accident (the alleged onset date). Dr. Tindall noted: "Since injury, he has had mid-low back pain with a 'burning' radiating down the left lower extremity into the plantar surface of the left foot. Back pain worsens with bending, sitting greater than 20-30 minutes, standing longer than 10 minutes and walking further than 50 yards with a cane." (R. 664) Plaintiff told Dr. Tindall he uses a cane is "to help prevent falling." (*Id*.) So, during his consultative examination, Dr. Tindall "did not have [Plaintiff] attempt to walk without his cane because of possibly of falling." (R. 665) He observed Plaintiff had difficulty getting in and out of a chair. Plaintiff's right-hand grip strength was 5/5 and his left-hand grip strength was 4/5. (*Id*.) He had limited range of motion in his spine and "diffuse tenderness with left deltoid atrophy" in his left shoulder. (R. 667) Dr. Tindall concluded Plaintiff had "symptomology and findings consistent with CRPS of the left anterior and lateral chest wall." (*Id*.) And "in my opinion, a cane is medically necessary when ambulating." (*Id*.)

The ALJ assigned Dr. Tindall's opinion little weight. The ALJ stated:

> [T]he undersigned considered the assessment provided by the claimant's physical consultative examiner, Donald Tindell, M.D. (Exhibit 5F).

6

> According to Dr. Tindall in October 2016, the claimant requires a cane when ambulating (Exhibit 5F). Despite his position as an examining physician, the undersigned gave Dr. Tindell's assessment little weight in this determination. Specifically, Dr. Tindell's assessment of the claimant's need for a cane is unsupported as the claimant consistently presented without use of an ambulation device in 2017, and his provider noted that the presented with function range of motion and was able to move without difficulty or only slight difficulty (Exhibit 9F). As a result, while the undersigned has considered Dr. Tindell's examination findings as discussed above, his assessment is unsupported and therefore gave it little weight in this determination.

(R. 21)

Substantial evidence supports the ALJ's assessment of Dr. Tindall's opinion. In April 2017, Plaintiff became a new primary care patient of Ms. Hartkop of Community Primary Health Clinic. At Plaintiff's first appointment, Ms. Hartkop noted he had full right-side strength and 2/5 strength in his upper left extremity and 3/5 strength in his lower left extremity. Plaintiff reported he could only walk 100 yards daily and had rib pain whenever he took a deep breath. Ms. Hartkop observed Plaintiff "moves with slight difficulty" but his "range of motion appears functional." (R. 991) The next month, Ms. Hartkop continued Plaintiff on Gabapentin for arthritis, again noting Plaintiff's "range of motion appears functional." (R. 988) She observed Plaintiff "moves without difficulty" and was self-sufficient in performing his activities of daily living (ADLs). (*Id.*)

In June 2017, Ms. Hartkop provided Plaintiff with a left knee brace and suggested he use a walker he said he had at home. She referred Plaintiff to an orthopedist for his knee and ribs. (R. 987) But, again, she noted Plaintiff had a functional range of motion, performed ADLs without assistance, and moved without difficulty. (R. 985) In September 2017, Plaintiff told Ms. Hartkop he "has been falling frequently due to left leg not supporting him." (R. 979)

He was wearing his left knee brace, and Ms. Hartkop suggested again that he use the walker he has at home "or obtain a rolling walker." (*Id.*)  His range of motion appeared functional.  Finally, in November 2017, Ms. Hartkop discontinued Plaintiff's Gabapentin prescription in favor of Horizant for arthritis; again, his range of motion appeared functional. (R. 972)

This treatment backdrop provides substantial evidentiary support for the ALJ's decision to assign little weight to Dr. Tindall's opinion that a cane is medically necessary.[4] The ALJ had to consider Dr. Tindall's opinion, and he did. (*see* R. 15, 19, 21-22)  Dr. Tindall was a one-time consultative examiner and not a treating physician; the ALJ did not have to articulate good cause for discounting it.  Ms. Hartkop's treatment consisted of monthly follow-up appointments, primarily for medication management. (R. 972-91)  Although she provided Plaintiff a knee brace and suggested he use a walker he had at home, it was a suggestion based on Plaintiff's reports of left side weakness and not a medical mandate.  Ms. Hartkop's notes included her observations regarding his ability to move, yet she never indicated he appeared at an appointment with a cane.  *Cf. Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 778 (11th Cir. 2016) (ALJ did not err in failing to account for plaintiff's need for a cane when he appeared at one medical appointment with a cane and records did not indicate gait abnormalities).  Instead, she consistently noted Plaintiff's range of motion was at least functional, and he could perform ADLs on his own. (R. 972, 979, 982, 985, 991)  Interestingly, in November 2018, Ms. Hartkop completed a check-the-box functional

---

[4] Although Plaintiff implies the ALJ should have followed SSR 96-9p (doc. 26 at 10-11), that ruling applies to claimants with an RFC for less than a full range of sedentary work.  SSR 96-9p, 1996 WL 374185.  Here, Plaintiff's RFC was for light work with limitations (R. 18), and he does not argue this RFC is unsupported by substantial evidence.

8

limitations form, opining Plaintiff was unable "to perform any work activity eight hours per day five days per week on a reliable and sustained basis." (R. 2533) The ALJ assigned this little weight because it was inconsistent with Ms. Hartkop's treatment notes and (under the SSA regulations applicable at the time) as a nurse practitioner she was not an acceptable medical source. (R. 22) But Plaintiff does not challenge this.

Also supporting the ALJ's decision to discount Dr. Tindall's opinion is the RFC assessment of Steven Arkin, M.D., a state agency consultant who reviewed Plaintiff's medical records at the initial determination level in November 2016 and concluded he could occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand and/or walk for a total of six hours in an eight-hour workday, and sit for a total of six hours. (R. 88-89) Plaintiff could frequently climb ramps or stairs, kneel, and crawl. This RFC was confirmed at the reconsideration level by state agency consultant Minal Krishnamurthy, M.D. a month later. (R. 101-03) The ALJ gave these opinions "some weight," while noting Drs. Arkin and Krishnamurthy are not examining or treating physicians. (R. 20)

The ALJ cited and discussed other record evidence that contrasted with Dr. Tindall's conclusions, namely Ms. Hartkop's treatment notes and the conclusions of state agency consultants Drs. Arkin and Krishnamurthy. Plaintiff does not challenge the ALJ's decision to discount Ms. Hartkop's RFC assessment. Plaintiff's argument fails.[5]

---

[5] I reiterate that, when reviewing an ALJ's decision, my job is to determine whether the administrative record contains enough evidence to support the ALJ's factual findings. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, ___ U.S. ___; 139 S.Ct. 1148, 1154 (2019). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* In other words, I am not permitted to reweigh the evidence or substitute my own judgment for that of the ALJ even if I find the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

*C. Conclusion*

It is ORDERED:

    (1) The ALJ's decision is AFFIRMED; and

    (2) The Clerk of Court is directed to enter judgment for Defendant and close the case.

DONE and ORDERED in Tampa, Florida on October 22, 2021.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE